## CLEMENT GRAIN CO. v. ST. LOUIS SOUTHWESTERN RY. CO. OF TEXAS.

### No. 978.

Court of Civil Appeals of Texas. Waco.

Jan. 22, 1931.

Rehearing Denied Feb. 19, 1931.

John McGlasson and Bryan, Maxwell & Dardnne, all of Waco, for plaintiff in error.

Ramey, Calhoun & Marsh, of Tyler, for defendant in error.

BARCUS, J.

Plaintiff in error instituted this suit against defendant in error to recover freight and demurrage which it paid on a carload of oats shipped from Waco to Los Angeles, Cal., and return. It alleged that it paid the freight charges and delivered a carload of bulk oats to defendant in error in a Missouri, Kansas & Texas car; that the same was consigned to itself at Los Angeles, Cal., with instructions to notify the Pike Grain Company, of Los Angeles, to whom it had sold same, of its arrival; that after it had loaded and· delivered said car, and while same was still in the yards at Waco, Tex., it discovered that there was in existence in the state of California a quarantine regulation against ·cotton seed and that under said regulation, if there were any cotton seed in the car, same could not be unloaded upon reaching Los Angeles; that it then requested defendant in error to carefully inspect the car for the purpose of determining whether there were any cotton seed in the car and if there were to return same to it. It further alleged that defendant in· error, in violation of said instructions, negligently and willfully shipped the car of oats through its connecting carriers to Los Angeles, and that upon its arrival there same was inspected by the authorities of the state of California, and they discovered the car contained cotton seed, and said authorities refused to allow the consignee to unload the oats; that, as a result thereof, it not being able to sell the oats in California or the adjoining states, requested defendant in error to return the car of oats to Waco without charge, and, upon its refusal so to do, plaintiff in error ordered the car returned to Waco, at its expense. It alleged that, if defendant in error had followed its instructions and inspected the car before it left Waco, it would have discovered the existence of cotton seed in said car and could and would have prevented its transportation to Los Angeles. It alleged that it had paid, in addition to the freight, $78 demurrage, and sought to recover the freight and demurrage paid. By a trial amendment plaintiff in error further alleged that defendant in error failed to deliver the car of oats to it after it reached Los Angeles because of an alleged quarantine regulation claimed by it to be in force, and that it represented to plaintiff in error there was such a quarantine, and that, if there was no quarantine in California, then defendant in error was liable because of the false representations made to it with reference thereto. It further alleged that defendant in error, by having accepted the shipment after having inspected same, became liable because of its failure to deliver same after it reached Los Angeles.

Defendant in error, in addition to a general demurrer and general denial, specifically alleged that it carried out its contract and transported the oats to its destination at Los Angeles and tendered same to the consignee, and that plaintiff in error knew of the quarantine in California before the car was shipped, and alleged that, at the time the car was delivered to it, same was then loaded and sealed, and that it was not under any obligation to inspect said car for plaintiff in error; that it did, however, on request of plaintiff in error, inspect the walls and roof of said car to ascertain if there were any cotton seed therein, and that it found none. It alleged that, if the car was quarantined at Los Angeles, it was not by reason of any cotton seed in the car, but by being in the oats themselves when they were loaded, and that plaintiff in error knew, or should have known, that there were cotton seed in said oats at said time. It further alleged that, under and by virtue of the bill of lading which it issued, it was specifically provided that, if the oats were quarantined, its only obligation was to unload same in the quarantine depot or wherever the quarantine regulations or authorities required or wherever plaintiff in error requested or by returning the oats to plaintiff in error at its expense in Waco, and that, in compliance therewith, it did, at the request of plaintiff in error, return said car of oats to Waco in as good condition as when same left.

The cause was tried to a jury, submitted on special issues, and the jury found that the oats when loaded in the car contained cotton seed; that there was cotton seed in the vacant car at the time same was loaded; that, after the car was loaded, plaintiff in error requested defendant in error to inspect the walls and ceiling of the car to ascertain whether there was any cotton seed therein, but did not request it to inspect the oats to see if they contained ,cotton seed; that defendant in error did inspect the car for cotton seed, and that it did not discover, and could not have discovered, by the use of ordinary care, any cotton seed in said car; that the car of oats was quarantined in California because of the cotton seed that was in the oats. Based upon the finding of the jury, the trial court entered judgment denying plaintiff in error any recovery.

By its first proposition plaintiff in error contends that the trial court should have giv-

en its request for instructed verdict because it affirmatively appears the oats were not delivered to it in Los Angeles and that the Quarantine Act of California, under and by virtue of which the oats were quarantined, was unconstitutional; its contention being that quarantine regulations in so far as it relates to interstate shipments is a matter lodged entirely in the power of the United States under and by virtue of title 7, § 161, U. S. Code (7 USCA § 161), as same was construed by the Supreme Court of the United States in Oregon-Washington Railway Company v. Washington, 270 U. S. 87, 46 S. Ct. 279, 70 L. Ed. 482. After the opinion in said case was rendered in March, 1926, the United States Congress, in April, 1926, amended said law (7 USCA § 161), evidently to conform to said opinion, and provided, in effect, that, until the Secretary of Agriculture of the United States shall have made a determination with reference to the necessity of the quarantine, nothing in the federal statutes should be construed to prevent any state from promulgating, enacting, or enforcing a state quarantine regulation.

It appears from the record that plaintiff in error did not urge or suggest the unconstitutionality of the quarantine law of California in the trial court until after the jury had returned its verdict, and its first suggestion in said court with reference thereto is made in its amended motion for new trial. It pleaded affirmatively in the trial court that there was a valid quarantine law in California against cotton seed being shipped into said state, and it offered in evidence said Quarantine Act. In Boatner v. Providence-Washington Insurance Company (Tex. Com. App.) 241 S. W. 136, 140, the court stated: "The law forbids the assumption of an attitude on appeal inconsistent with that taken at the trial, and on appeal litigants are restricted to the theory upon which the cause was prosecuted or defended in the court below. This principle of law is well settled"— citing a large array of authorities. Under said authority, if it could be said that the quarantine law in California was unconstitutional, plaintiff in error could not avail itself thereof, since it affirmatively pleaded there was a valid quarantine, and by evidence established said fact.

Defendant in error complains at the action of the trial court in refusing to submit its special issues as to whether defendant in error was negligent in furnishing a car which had cotton seed therein and whether same was the proximate cause of the oats being quarantined. We overrule these propositions. Under the undisputed facts, defendant in error had nothing to do with the furnishing of the car before it was loaded, and, under the finding of the jury, after it was loaded it could not have discovered said cotton seed, and under the undisputed testimony of the

quarantine officer in California the sole reason for same having been quarantined was because of the cotton seed contained in the oats themselves. Mr. Clement testified that after the oats reached Los Angeles the Pike Grain Company notified them that the car was under quarantine and that it could not accept it on that account. He further testified that, after he had this information from the Pike Grain Company, plaintiff in error did everything it could to get the Pike Grain Company to take the oats, and that it would not do so on account of said quarantine, that they then took the matter up with the Department of Agriculture at Washington and could not get any relief, and that they then requested the defendant in error to return the oats to them at Waco, without expense, and, when that was refused, requested it to return the oats to them and they would pay the return freight, and that said car of oats was returned to them. No contention is made that the oats were not in as good condition when returned as when loaded in the car. Under the bill of lading issued by defendant in error and accepted by plaintiff in error, it is provided specifically that "in case of quarantine the property may be discharged at risk and expense of owners into quarantine depot or elsewhere as required by quarantine regulations or authorities or for the carriers dispatch at nearest available point in carrier's judgment, and in any such case carrier's responsibility shall cease when property is so discharged or property may be returned by carrier at owner's expense to shipping point, earning freight both ways."

The quarantine officer in California testified without contradiction that he inspected the car when it reached California and found cotton seed in the oats, and, by reason of the quarantine law regulation, he refused to permit the oats to be unloaded; that he found a number of cotton seed in the oats down as far as eighteen inches, and same appeared to be thoroughly distributed through the oats. He testified that he specially examined and did not find any cotton seed in the braces or cracks or the ceiling or walls of the car, that the only cotton seed he found was in the oats themselves, and that that was the only reason he quarantined the car. The fact that, after the car was returned to Waco and unloaded and some of the planks on one end of the car were removed and cotton seed found in the walls of the car was not, in the light of the entire record, sufficient to require the trial court to submit said issue. According to all of the testimony, after the car was loaded with oats it would have been impossible for any one to have discovered same.

The car of oats having been quarantined at Los Angeles without any fault of defendant in error, and the contract made between the parties having specifically provided that defendant in error could discharge all of its

obligations and liabilities by returning same to Waco, Tex., and it appearing that the car of oats was at plaintiff in error's request returned to it at Waco, defendant in error has fully complied with its contract, and plaintiff in error is not entitled to recover the freight paid.

We have carefully examined all of plaintiff in error's propositions, same are overruled, and the judgment of the trial court is affirmed.

ALEXANDER, J., took no part in the consideration and disposition of this case.